## LEIAU *et al. vs.* KAHAI KALUA.

### IN EQUITY.  BEFORE PRESTON, J.

### AUGUST, 1886.

Applications to set aside deeds should be discouraged, unless fraud is clear and palpable.

Plaintiffs having failed to allege or prove that a deed, sought to be set aside, is different from what the grantor intended, the bill is dismissed.

### DECISION OF PRESTON, J.

This is a bill to set aside a deed of conveyance from the female complainant to the defendant, and for an injunction to restrain him from using, occupying, or disposing of the property comprised in the deed.

The deed in question was executed by the female complainant (Leiau) on the 11th of December, 1880, she being then a widow.

The deed purports to convey to the defendant in fee a piece of land situate on Fort street, Honolulu, in consideration of one dollar, and the agreement of the defendant to support "me (the plaintiff) until death, and I to live on the land till the end of my natural life."

The bill alleges that the defendant never paid the consideration of one dollar or gave any other consideration for the property. That the defendant hath not supported the complainant Leiau. That the property is worth about $2000, and the complainant has resided thereon for the last thirty years and hath paid the taxes thereon.

The complainants charge that they have just reason to suspect, and do believe that the defendant obtained the said deed deceitfully, deceivably and fraudulently in this, that he did not intend at the time he obtained the said deed, nor at any time, to support the said Leiau according to his said promise and agreement. That the plaintiffs have no property except that mentioned in said deed, and that defendant has no property,

and is habitually intemperate. That the defendant has habitually annoyed and harassed the complainants in their possession of said property, and has often and recently told them to leave.

The defendant by his answer admits the agreement to support, and claims that he has done so to the best of his ability, and denies the other allegations.

At the hearing before me on the 6th instant, the complainants testified on their own behalf, also the two sisters of the complainant and the defendant, and the husband of one of them.

The evidence was to the effect that the defendant had not supported Leiau, the complainant; that there are four houses on the land, one of which had been occupied by the defendant with the consent of complainants, and jointly with them, until about two months ago; two were and are occupied by the sisters of Leiau, rent free, with the consent of the complainants, one is now and has been occupied by a tenant at a rental of $8 per month, which rent was paid to Leiau; that within the last two months the defendant on three separate occasions told the complainants to leave; that on these occasions he was intoxicated, but that when sober he and complainant Leiau got on pretty well together.

No evidence was given as to the circumstances under which the deed was executed, and no other evidence of the alleged fraud.

At the conclusion of the testimony on behalf of the complainants, counsel, in answer to a question asked by the Court, claimed to be entitled to a decree in terms of the prayer of the bill and requested time to produce authorities.

On the 11th instant, counsel for the complainants argued the case and cited many authorities to the effect that an action at law for breach of covenant would not lie, and that the complainant's only remedy was in equity, and contended as charged in the bill that the non-compliance by the defendant with his agreement to support the complainant amounted to a failure of consideration, and was a fraud on his part and rendered the deed void *ab initio*.

I cannot agree with this contention. It is unnecessary for me to consider whether an action for breach of covenant will lie. The authorities cited by complainant's counsel do not in my opinion support his contention on that point. The passage cited by him from Wait's Actions and Defences, Vol. 2, p. 356, is not fully cited, and the part left out from the citation is clearly against the complainants.

In my opinion the complainants have not supported the claim for relief set up by the bill by evidence or authority.

Applications to set aside deeds are very frequent in this Court, and should be discouraged unless fraud is clear and palpable. It is not alleged that the deed is different to what the complainant intended.

No application has been made to amend the bill, which seems to have been prepared under an entire misapprehension of the law and the facts. I must dismiss it with costs, reserving the right to the complainants to take such other proceedings (if any) as they may be advised.

Bill dismissed with costs.

*M. Thompson,* for complainants.

*Jona. Austin,* for defendant.

August 16th, 1886.